{¶ l9} As noted in the lead opinion, in Harmon v. Harmon, 9th Dist. No. 11575, 1984 WL 6193 at *1, this Court recognized that, when a party's argument for voiding a judgment is founded upon something not in the record, her proper avenue for relief is Rule 60(B) of the Ohio Rules of Civil Procedure, not an appeal to this Court. While there is a document marked "Joint *Page 11 
Exhibit A" in the file that was transferred to this Court, that document is not time stamped, and there is no way of knowing from the record before us whether it is the same document that was before the trial court at the time the parties informed the judge they had reached a settlement. In fact, it is Mrs. Naples' position that it is not the same document. She has argued, in effect, that either Mr. Naples or his lawyer added to the document that was before the trial court in order to produce the document that is in this Court's file. Significantly, the file transferred to this Court does not contain a copy of "Joint Exhibit A" without the "lighter colored provisions" as would be expected if Mr. Naples' lawyer had left a copy with the court at the time of the hearing and the "lighter colored provisions" were added later as the lead opinion appears to "find." This Court is not in a position to make a factual finding regarding whether the document in its file is the same document that was before the trial court at the time of the parties' settlement. In order to do that, evidence from outside the record would be necessary, the kind of evidence Mrs. Naples could properly present in support of a motion for relief from judgment under Rule 60(B). I would overrule Mrs. Naples' assignments of error and affirm the trial court's judgment. *Page 1